# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JORGE AGUSTIN-GARCIA,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-283-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Jorge Agustin-Garcia pleaded guilty without a plea agreement to one count of illegal reentry. Agustin-Garcia's presentence report (PSR) assigned a base offense level of eight, recommended an eight-level increase pursuant to § 2L1.2(b)(1)(C) (2014) based on his 2010 conviction for attempted sexual assault of a child, and assigned a two-level decrease based on acceptance of

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41041

responsibility for the offense, resulting in a total offense level of 14. Agustin-Garcia's previous convictions for petit larceny, making a terroristic threat, third-degree assault, attempted sexual assault of a child, failure to appear in court, driving while intoxicated, and a prior illegal reentry charge yielded a criminal history score of 14 that established a criminal history category of VI. The district court granted the Government's motion for an additional one-level reduction for acceptance of responsibility, which resulted in a guidelines range of 33-41 months. Agustin-Garcia was sentenced to 36 months of imprisonment with no term of supervised release. He did not object to the calculation of his criminal history score in the district court.

Agustin-Garcia now argues that the district court reversibly erred in assigning him two criminal history points for both the terroristic threat and assault convictions because he was sentenced for each on the same day. He argues (and the Government concedes) that his correct criminal history category would have been a V. A criminal history category of V and an offense level of 14 would have given a guidelines range of 30-37 months imprisonment.

This court reviews the district court's sentence for plain error. Given Agustin-Garcia's lengthy criminal history, including a previous conviction for illegal reentry, and his sentence that falls within both the correct and incorrect guideline ranges, this court finds that the district court's computational error did no offense to the fairness, integrity, or public reputation of the judicial proceedings.

For these reasons, we **AFFIRM** the sentence of the district court.